# EXHIBIT A

1   Motaz M. Gerges, Esq. (SBN 202175)
2   LAW OFFICE OF MOTAZ M. GERGES
    Andrew L. Levin (SBN 248715)
3   15315 Magnolia Blvd., Suite 429
    Sherman Oaks CA 91403
4

5   Email: classactioncomplaint@gmail.com

6   Phone:    (855) 525-2922
7             (818) 386-0000
8   Fax: (818) 380-0100

9   Attorneys for Plaintiff and
10  The Class Members

11

12      IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
13        LOS ANGELES COUNTY – CENTRAL DISTRICT
              UNLIMITED JURISDICTION
14

15  Michael Nathan; individually and on    ) CASE NO:
16  behalf of all others similarly situated, )
                                             )  **CLASS ACTION COMPLAINT FOR:**
17                                           )
                                             )  1. Violation of Consumer Legal
18                       Plaintiffs,  )         Remedies Act, Civil Code §1750;
19                                           )  2. Violation of the Unfair Competition
                                             )     Law, Cal. Bus. & Pro. Code § 17200;
20  Vs.                                      )  3. Fraudulent Inducement;
                                             )  4. Breach of Express Warranty,
21                                           )     California Commercial Code §2313;
22  Fry's Electronics, Inc.; Nuance         )  5. Breach of Contract;
    Communications, Inc.; Vladimir          )  6. Breach of the Implied Covenant
23  Pleskov; Syed N. Fahad; John Fry; Dave  )     Good Faith and Fair Dealing.
24  Fry; Randy Fry; and John Doe 1; John    )  7. Violation of California Civil Code
    Doe 2; and DOES 1 TO 100, Inclusive;    )     §1723;
25                                           )  8. Violation of the False
26                                           )     Advertising Law; Cal. Bus. & Pro.
                                             )     Code § 17500;
27                       Defendants.  )
                                             )
28                                           )  **DEMAND FOR JURY TRIAL**

────────────────────────────────────────────
    CLASS ACTION COMPLAINT                          Page 1

FILED
Los Angeles Superior Court

AUG 3 1 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
      SHAUNYA WESLEY

BC 4 9 1 3 0 0

## I. **Introduction**

Plaintiff Michael Nathan brings this Class Action Complaint, ("Complaint") against Defendants Fry's Electronics, Inc., ("Fry's"); Nuance Communications, Inc., ("Nuance"); Vladimir Pleskov, ("Vladimir"); Syed N. Fahad, ("Fahad"); John Fry, ("John"); Dave Fry, ("Dave"); and Randy Fry, ("Randy") for their practice of defrauding, misleading, misinforming and misrepresenting consumers through deceptive design and policies and sale of their software and products. Plaintiff for his Complaint alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

For the ease of this Complaint, Plaintiff at times will refer to John; Dave; and Randy as the "Fry Brothers".

## II. **Nature of Action**

1. Nuance is a multi-national software products developer that through its Speech Recognition Software claims a person can have a *"personal assistant"*; *"a faster way to get more done on computers"*; *"to control your Personal Computer, ("PC") by voice"*; *"to keep up with your brains"*; *"to be productive on-the-go"*; *"to work comfortably, anywhere"*; and with *"less stress at home, work, or wherever life take you"*, *"Dragon works the way you work"*.

2. At issue in this lawsuit are several of Nuance's Naturally Speaking Software Products that claim to be a person's personal secretary and with 99% accuracy, it will recognize every speech and improve productivity.

3. Dragon Naturally Speaking, ("Dragon") is software developed by defendant Nuance who claims through Speech Recognition, Dragon ignites new levels of productivity by letting user interact with his/her PC by voice, now with even greater freedom and flexibility. Dictate or modify

---

1   documents, spreadsheets and presentations, send email, search the Web,

2   and more. Even capture notes on the go using a digital recorder and

3   Dragon will transcribe the audio files back at your PC. Breeze through

4   your "to-do" list faster than ever before – just by talking - whether at home,

5   in the office, or on the go!

6   4. Defendant Nuance further claims that with its Dragon Speech Recognition

7   Software "simply speak to change how you work, communicate, create

8   and live. Dragon Naturally Speaking has been designed to turn your talk

9   into text faster and more accurately than ever before. Just speak your mind

10   to capture ideas, create content, cruise through email, search the Web, or

11   control your PC. Unleash your inner Dragon today with Dragon Naturally

12   Speaking." However, what Defendant Nuance does not tell the Consumers

13   like Plaintiff is that Nuance does not recognize every speech especially

14   those with accent.

15   5. Defendant, Fry's is multi-national retailer of computers, consumer

16   electronics, and appliances with some 35 stores in about 10 states. The

17   chain's extensive inventory includes computer software and components,

18   industry magazines, movies and music, refrigerators, washers and dryers,

19   small appliances, stereo equipment, and televisions. Each store also

20   typically stocks a variety of snacks and other impulse items. The techno

21   geek's dream store began in 1985 as the brainchild of CEO John Fry with

22   brothers Randy and Dave and VP Kathy Kolder. The Fry Brothers, who got

23   their start at Fry's Food and Drug Stores, still own the company.

24   6. Fry's likes people to buy its products, but they hate customers. At the

25   checkout counters, Fry's employees have no problem taking customers'

26   money, but at the time of a refund, same customers are subject to

27   interrogations and manipulation and they are treated like they have

28   committed some sort of a crime for returning a defective or faulty product

CLASS ACTION COMPLAINT                                    Page 3

1   or a product that does not perform as advertised. Usually, these customers

2   are either denied their refund, or are forced to replace the product for an

3   identical one or are mandated to take store credit for items that consumers

4   cannot use or do not perform as advertised.

5   7. The employees who work at Fry's typically have no training and are

6       frequently encouraged to mislead, misinform, and misrepresent the facts

7       to consumers. For example, if a customer asks a Fry's employee regarding

8       the refund policy on a product, the employee's respond often if not always

9       is that if "you have your receipt; you get full refund within 30 days of

10      purchase". Or if a customer inquires about the performance of a product,

11      Fry's employees without any knowledge, training, or experience are

12      required to answer that the product "is the best in the market and top of the

13      line and performs perfectly".

14  **III. Plaintiff's Experience with Dragon Software and Fry's Employee**

15  8. Due to nature of Plaintiff's occupation, Plaintiff is required to conduct

16     both internet researches extensively and to read and type comprehensively

17     pages of materials on daily basis, seven days a week.

18  9. Plaintiff was introduced to Dragon through Nuance internal marketing

19     department. Plaintiff was contacted by a marketing director who was

20     attempting to sell Dragon Software at the rate of $3,500.00 to perform all

21     services as enumerated in paragraphs 1 through 4 hereinabove. However,

22     Plaintiff informed the Nuance's representative that prior to investing such

23     large amount Plaintiff needed assurance that the product would perform as

24     represented. The Nuance representative directed plaintiff to purchase a

25     retail store version at a local retailer similar to Fry's Electronics and to

26     test the performance and in the event Plaintiff was satisfied, upon

27     investing the $3,500.00, Nuance would credit plaintiff for the full

28     purchase amount of the store version.

---

**CLASS ACTION COMPLAINT**                                   **Page 4**

10.   On or about August 11, 2012, Plaintiff visited Defendant Fry's Burbank location and while was purchasing another item, Plaintiff inquired from one of Fry's employee if he was familiar with the Dragon Speech Recognition Software. The employee acting like he was the creator of the Dragon, admired the software, eulogized it and to make Plaintiff's life a lot easier, recommended that Plaintiff to purchase the Dragon Software, and in the event Plaintiff was not satisfied return it for a full refund. In as much as Plaintiff was pessimistic, Plaintiff agreed to purchase it as trial basis at the recommendation of Fry's employee.

11.   When Plaintiff returned to his office, he began reading the manual that was packaged with the Dragon Software. Plaintiff as instructed loaded the software and proceeded to follow the direction. However, upon conclusion of the software set up, Plaintiff followed the instructions of the program and began reading short stories so the program with familiar itself with Plaintiff speech. Nonetheless, Plaintiff continued reading and reading pages of articles and stories to train Dragon software to recognize Plaintiff's speech and accent. Beginning from a short story to reading hours, then days, Plaintiff spent more than two weeks at 3-5 hours per day reading materials and articles to enable Dragon Software to recognize Plaintiff's speech and accent, at no avail, Plaintiff on August 25, 2012, decided he has had it and decided to return the Software for refund.

12.   The software has a feature enabling the program to be trained in the event the speaker has an accent. Plaintiff from August 11, 2012, to August 25, 2012, trained the software feature to recognize Plaintiff's accent without success. Thereby, Plaintiff realized that the software does not perform as promised both by creator of the software, Defendant Nuance and the employee who convinced Plaintiff to purchase it at Fry's store. On August 25, 2012, Plaintiff decided to return the product to place where he

---

CLASS ACTION COMPLAINT                                                    Page 5

1   purchased it, the Defendant Fry's, Burbank location.

2   **13.**   In reality, Nuance's description of the Dragon utility serves as the

3   initial phase of a fraudulent scheme to induce consumers into purchasing

4   its products. Although its software is technologically complex, the

5   paradigm used by Nuance to defraud consumers is simple. First, Nuance

6   describes its Dragon as software that will serve as personal assistant's

7   functionality by "*a faster way to get more done on computers*"; "*to control*

8   *your Personal Computer by voice*"; "*to keep up with your brains*"; "*to be*

9   *productive on-the-go*"; "*to work comfortably, anywhere*"; and with "*less*

10   *stress at home, work, or wherever life take you*", "*Dragon works the way*

11   *you work*". Induced by these representations, the consumer purchases the

12   Dragon. After installing and running the software, the consumer is then

13   encouraged to register and electronically transmit personal information to

14   Nuance support department.

15   **14.**   The Dragon then invariably reports, in ominous fashion, that user must

16   read into the software a short story into the software to familiarize the

17   software with user's speech and accent. The user is then offered to speak

18   hours into the software. However, as explained more fully herein, the

19   Dragon's diagnostic testing procedure does not perform any credible

20   evaluation of consumer's speech and accent. Instead, Nuance intentionally

21   designed the Dragon to always report that a user need more training, it is

22   a never ending process.

23   **15.**   The process described above is repeated each time a user runs the

24   Dragon. After the user has been exhausted with the software time after

25   time, Nuance does not offer a refund and it recommends the user to return

26   the software where it was purchased knowing since the software had been

27   opened it would not be returnable.

28   **16.**   Nuance holds itself as a reputable leader in the "Speech Recognition'

1   industry....i.e., software that enhances and assists a consumer's ability to

2   speak into his PC rather than type. Because average consumers lack the

3   requisite technical expertise to understand the underlying operations of

4   Nuance's Dragon Software, they trust the company to convey truthful

5   information about its products, and for its products to honestly and

6   accurately assist a user with speaking into their PC rather than wasting

7   time typing them. Nuance betrays that trust, and as a result thousands of

8   consumers have been, and continue to be, tricked into paying for its

9   defective Dragon software.

10  17.   On or about August 11, 2012, Plaintiff tendered to Defendant Fry's the

11  sum of $249.99 including 8.75% sales tax, for a total of $271.87 in the

12  form of cash to purchase the Dragon Software. While Plaintiff was at the

13  register purchasing the Software, Plaintiff asked Defendant Fahad about

14  the store return policy at which time Mr. Fahad represented to Plaintiff the

15  policy permits 30 days for full refund with the original receipt. The same

16  refund policy was echoed by the employee who assisted Plaintiff with

17  Dragon Software and convinced Plaintiff to purchase it since Plaintiff had

18  nothing to lose except hours of typing and searching the net.

19  **IV. Plaintiff's Experience with Defendant Fry's**

20  18.   On or about August 25, 2012, Plaintiff returned to Burbank Fry's to

21  return the Dragon Package for full refund. Upon examining and analyzing

22  the package by Angel Shabbain, ("Shabbain"), Fry's employee, she

23  inquired the assistance of her supervisor, Defendant Pleskov, for an

24  approval. Mr. Pleskov again examined and analyzed the content of the box

25  and then began interrogating, and mocking the Plaintiff. Defendant

26  Pleskov indicated that since the package was opened it was against the law

27  to accept open software; hence, he could not issue a refund. Plaintiff

28  informed Defendant that in order to use the product, Plaintiff had to open

---

CLASS ACTION COMPLAINT                                    Page 7

1   the package. Without opening the package, Plaintiff would not experience

2   that the software was not performing as advertised. Defendant Pleskov

3   indicated again that he could not accept the item because it was against the

4   federal law since it had been opened. Plaintiff advised Defendant that both

5   sales employee, and the cashier, Defendant Fahad represented that

6   Plaintiff would receive full refund if returned within 30 days with original

7   receipt. Defendant Pleskov indicated "I don't care who told you what, the

8   return policy is written on the back of the receipt."

9   19.   On or about August 11, 2012, Defendant Fry's did not post its return

10      policy at a conspicuous place at the entrance of its store. More importantly,

11      Defendant Fry's did not have a copy of its return policy posted at any of its

12      cash register, especially the cash register where Defendant Fahad was a

13      Cashier wherein Plaintiff purchased the defective Dragon Software.

14   20.   On or about August 11, 2012, Defendant Fahad and the sales person

15      who assisted Plaintiff with the purchase of the Dragon Software did not

16      have proper training as to the refund policy of Defendant Fry's.

17   21.   On or about August 25, 2012, while employee Shabbain was ready, and

18      willing to refund Plaintiff's money, her supervisor Defendant Pleskov was

19      not properly trained as to the applicable statutes and store refund policy.

20   22.   Fry's holds itself as a reputable leader in the retail industry and it

21      advertises that its customer service is exceptional. Fry's trains its

22      employees to represent to the consumers that it would fully refund

23      customers' money upon return; however, when customers are actually

24      returning a defective product; a product that does not meet customer's

25      standard or it does not perform as advertised; Defendant Fry's denies

26      refund by claiming it is a law violation, manipulate the facts, lies to

27      consumers and mock the customers.

28   23.   Defendant Fry's misinforms, deceives, and manipulates customers by

CLASS ACTION COMPLAINT                                          Page 8

1  telling them it is against federal law to offer a refund on software once the
2  package has been opened. Fry's knows or should have known that it is
3  providing false information about federal laws. Fry's is currently not in
4  compliance with regard to offering refunds on software. Fry's will either
5  not offer a refund at all, or only offers a "refund" as part of an exchange
6  for the exact same item. This doesn't qualify as a refund. Fry's is
7  perpetuating false information, stating that federal law prohibits them
8  from offering a refund on returned opened software. This is simply a lie
9  being told to Plaintiff and general public.

## V. Jurisdiction and Venue

24.  This Court has jurisdiction over the subject matter of this action
     pursuant to California Civil Code §§§ 1711, 1723, 1780 and 1781, and
     Business and Professions Code §§17200 to 17500.

25.  This Court has proper jurisdiction over this action pursuant to §410.10
     of the California Code of Civil Procedure. The violations of law
     complained of herein occurred in this county. Furthermore, the amounts in
     controversy exceed the jurisdictional minimum of this Court.

26.  Venue is proper in the Superior Court of the County of Los Angeles
     pursuant to California Code of Civil Procedure §§395 and 395.5.

## VI. Plaintiff

27.  Plaintiff is an individual residing within the City of Granada Hills,
     County of Los Angeles, and State of California.

## VII. Defendants

28.  At all times relevant, defendant **Fry's Electronics, Inc.;** was and is a
     California Corporation registered with the California Secretary of State
     under Corporation Number C1270788 and is doing business in this
     District.

---

CLASS ACTION COMPLAINT                                                    Page 9

29. At all times relevant, co-defendant **Nuance Communications, Inc.;** was and is a California Corporation registered with the California Secretary of State under Corporation Number C1953609 and is doing business in this District.

30. At all times relevant, co-defendant **Vladimir Pleskov;** is an individual employed by defendant Fry's. Mr. Pleskov resides in the County of Los Angeles, State of California.

31. At all times relevant, co-defendant **Syed N. Fahad;** is an individual employed by defendant Fry's. Mr. Fahad resides in the County of Los Angeles, State of California.

32. At all times relevant, co-defendant **John Fry;** is an individual employed by Defendant Fry's in capacity of Chief Executive Officer and is the owner and shareholder who implemented and created illegal refund policies whereby Defendant Fry's operate its business.

33. At all times relevant, co-defendant **Dave Fry;** is an individual employed by Defendant Fry's in capacity of Corporate Officer and is the owner and shareholder who implemented and created illegal refund policies whereby Defendant Fry's operate its business.

34. At all times relevant, co-defendant **Randy Fry;** is an individual employed by Defendant Fry's in capacity of Corporate Officer and is the owner and shareholder who implemented and created illegal refund policies whereby Defendant Fry's operate its business.

35. At all times relevant, co-defendants, John Doe 1, and John Doe 2 are unknown male employees of the Defendant Fry's. John Do1 and John Doe 2 reside in County of Los Angeles, States of California and are being sued under the fictitious names John Doe 10 through 100. The true names of John Do1 and John Doe 2 will be amended as soon as Plaintiff discovers the identities of said defendants.

---

CLASS ACTION COMPLAINT                                    Page 10

36.   The true names and capacities of those Defendants including Fry's; Nuance; Pleskov; Fahad; John; Dave; and Randy sued herein as DOES 1 TO 100 inclusive are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these Defendants once same have been ascertained.

37.   Each reference in this Complaint to "Defendant" or "Defendants" or "Co-defendant" or "Co-defendants" or to a specifically named Defendant refers also to all Defendants sued under fictitious names.

38.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by name or otherwise throughout this Complaint, was the alter ego of each of the remaining Defendants and was the agent and employee of each of the remaining Defendants and in doing the things herein alleged was acting within the course and scope of their agency and employment.

39.   Each of the defendants sued herein was in some manner responsible for the actions which form the basis for this complaint as set forth hereinbelow. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, each of the defendants and co-defendants was the agent and/or employee of the remaining defendants or co-defendants, and at all times were acting within the purpose, furtherance, and scope of said agency and/or employment.

40.   Each defendant herein is sued individually as a conspirator and aider and abettor, as well as in such defendant's capacity as an officer and/or director or employee and agent of one and another, and the liability of

1   each arises from the fact that he, she, or it has engaged in all or part of the

2   unlawful acts, plans, schemes, or transactions complained of herein.

### VIII. Commerce

3

4   **41.**   The acts and practices of Defendants alleged in this complaint have

5   been in or affecting commerce, as "commerce" is defined in Section 4 of

6   the FTC Act, 15 U.S.C. §44.

### IX. CALIFORNIA CODE OF CIVIL PROCEDURE §378

7

8   **42.**   (a) All persons may join in one action as plaintiffs if:

9         (1) They assert any right to relief jointly, severally, or in the

10   alternative, in respect of or arising out of the same transaction,

11   occurrence, or series of transactions or occurrences and if any question of

12   law or fact common to all these persons will arise in the action; or

13         (2) They have a claim, right, or interest adverse to the defendant in

14   the property or controversy which is the subject of the action.

15         (b) It is not necessary that each plaintiff be interested as to every cause

16   of action or as to all relief prayed for. Judgment may be given for one or

17   more of the plaintiffs according to their respective right to relief.

### X. CALIFORNIA CODE OF CIVIL PROCEDURE §379

18

19   **43.**   (a) All persons may be joined in one action as defendants if there is

20   asserted against them:

21         (1) Any right to relief jointly, severally, or in the alternative, in

22   respect of or arising out of the same transaction, occurrence, or series of

23   transactions or occurrences and if any question of law or fact common to

24   all these persons will arise in the action; or

25         (2) A claim, right, or interest adverse to them in the property or

26   controversy which is the subject of the action.

27

28

---

CLASS ACTION COMPLAINT                                        Page 12

(b) It is not necessary that each defendant be interested as to every cause of action or as to all relief prayed for. Judgment may be given against one or more defendants according to their respective liabilities.

(c) Where the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties.

## X. CLASS ALLEGATIONS

44.     Pursuant to California Civil Code §1781 and California Code of Civil Procedure §382, named Plaintiff brings this action on behalf of himself and all other persons similarly situated.

45.     **The class that Plaintiff represents (hereinafter the "Plaintiff Class") is composed of all persons who have or have had at any time since August 01, 2008, purchased a Dragon Speech Recognition Software from Nuance, its subsidiaries, online stores, retailers, or any other authorized vendors of Nuance in the State of California.**

46.     **Additionally, the Class that Plaintiff represents (hereinafter the "Plaintiff Sub-Class") is composed of all persons who have or have had at any time since August 01, 2008, their refund refused, denied, or forced to accept store credit or forced to exchange for the same products that was initially returned as defective, not working on consumers' PC or did not perform as advertised.**

47.     This action has been brought and may properly be maintained as a class action under Code Civil Procedure §382 because there is well-defined community of interest in the litigation and the proposed class is easily ascertainable:

   a. *Numerosity:* The putative Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While

---

CLASS ACTION COMPLAINT                                          Page 13

the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants, Nuance and Fry's are believed to have in excess of 100,000 Dragon Software purchasers and about 50% have been returned to Fry's for full refund who refused to honor their refund.

b. The named Plaintiff is informed and believes and on that basis alleges that the Plaintiff Class and Sub-Class are so numerous that joinder of all members would be impracticable. The exact size of the Plaintiff Class and Sub-Class and their identities are ascertainable from the business records of Defendants.

c. *Commonality*: There are questions of law and fact common to the Plaintiff, Plaintiff Class and Sub-Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitations:

   i. Whether Defendant Nuance was aware that its Dragon software was not performing as advertised, albeit intentionally deceived consumers into purchasing its products;

   ii. Whether Defendant Fry's, did not properly trained its employees in respect to the appropriate statute in respect to a refund;

   iii. Whether defendants Fry Brothers implemented and designed policies in respect to refund to mislead and to deceive the consumers;

   iv. Whether the representation of Defendant Pleskov that knowingly advises consumers that to accept open software is a federal law violation constitute an unauthorized practice of law;

   v. Whether representation of defendant Fahad that a customer has 30 days to receive full refund with original receipt constitute a policy implemented by Defendant Fry's and must be enforced;

---

CLASS ACTION COMPLAINT                                    Page 14

vi. Whether Defendants Nuance; Fry's; Fry Brothers; Pleskov and Fahad's conduct described herein constitute fraudulent inducement;

vii. Whether Defendants Nuance, and Fry's conduct described herein constitute a breach of express warranties under the California Commercial Code §2313;

viii. Whether Defendants Nuance and Fry's conducts described herein constitute breach of contract;

ix. Whether Defendants Nuance and Fry's conduct described herein constitute a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, et. seq.;

x. Whether Defendants Nuance, Fry's, Fry Brother, Pleskov, and Fahad misleading, misinforming and deceiving Plaintiff, Plaintiff Class and Sub-Class constitute violation of Cal. Civ. Code §1750;

xi. Whether Fry's conduct, as described herein, violates Cal. Civ. Code §1723;

xii. Whether Fry's adequately advised consumers of its return policy;

xiii. Whether Fry's conduct as described herein, violates the consumer Legal Remedies Act;

xiv. Whether Nuance; Fry's; Fry Brothers; Pleskov and Fahad's conduct as described herein, constitute a fraudulent Business practice under UCL;

xv. Whether Nuance; Fry's; Fry Brothers; Pleskov and Fahad's conduct as described herein, constitute an unfair Business practice under UCL;

xvi. Whether Nuance; Fry's; Fry Brothers; Pleskov and Fahad's conduct as described herein, constitute False Advertising Law

1    (Business & Professional Code §§17500 *et. seq.*, and the "FAL");

2    and

3    xvii. Whether Plaintiff, Plaintiff Class and Sub-Class have been

4    damaged by Nuance; Fry's; Fry Brothers; Pleskov; and Fahad's

5    Conduct and misconduct.

6  **48.** *Typicality:* Plaintiff's claims are typical of the claims of the Class and

7    Sub-Class. Plaintiff and all putative Class Members sustained injuries and

8    damages arising out of and caused by Defendants Nuance, Fry's, Fry

9    Brothers, Pleskov and Fahad's common course of conduct in violation of

10    law as alleged herein, and the relief sought is common.

11  *49.*   *Typicality* among parties exist because, for example, Defendants and

12    each of them either directly or through their employees, agents, and other

13    third parties directed by them misrepresented the character of the Dragon

14    Software; and misrepresented and deceived Plaintiff and the Plaintiff

15    Class and Sub-Class that refund cannot be offered for open software

16    because it was against the federal law.

17  **50.**  *Adequacy of Representation:* The named Plaintiff will fairly and

18    adequately represent and protect the interests of the members of the

19    Plaintiff Class and Sub-Class. The named Plaintiff has retained counsels

20    competent and experienced in both consumer protections and class action

21    litigations.

22  **51.**  *Superiority of Class Action:* For class claims alleged under California

23    Code of Civil Procedure §382, a class action is superior to other available

24    means for the fair and efficient adjudication of this controversy.

25    Individual Joinder of all putative Class Members is not practicable, and

26    questions of law and fact common to the Class predominate over any

27    questions affecting only individual members of the Class. Each putative

28    Class Member has been damaged and is entitled to recovery by reason of

1    Defendants' illegal policies and/or practices as alleged herein. Class

2    action treatment will allow those similarly situated persons to litigate

3    their claims in the manner that is most efficient and economical for their

4    parties and the judicial system.

5  52.   *Ascertainable Class*: The proposed Plaintiff's Class and Sub-Class

6    described hereinabove are ascertainable. Members of the classes

7    described above can be readily identified from personnel files and

8    computer databases maintained by Defendants, Nuance and Fry's and

9    other records maintained by said Defendants. The litigation of the

10   questions of fact and law involved in this action will resolve the rights of

11   all members of the classes and hence will have a binding effect on all class

12   members. The class members are numerous and joinder of all class

13   members is impracticable due to both a reluctance of class members to sue

14   defendants and relatively small monetary recovery for each class member

15   in comparison to the costs associated with separate and individual actions.

16 53.   *Community of Interest*: The proposed Plaintiff Class and Sub-Class

17   described hereinabove have a well-defined community of interest in the

18   questions of fact and law to be litigated. The common questions of law

19   and fact are predominant with respect to the liability issues, relief issues

20   and anticipated affirmative defenses. The named Plaintiff has claims

21   typical of members of the classes alleged above. The named Plaintiff can

22   fairly and adequately represent and protect the interests of the classes in

23   that there is no conflict between their interests and the interests of the

24   other class members. This action is not collusive. The named Plaintiff

25   and his counsels have the resources to litigate this action and counsels

26   have the experience and the ability required to prosecute this case as a

27   class action.

28 54.   *Superiority of Class Adjudication*: The certification of a class in this

---

CLASS ACTION COMPLAINT                                          Page 17

1    action is superior to the litigation of a multitude of cases by members of

2    the putative classes.  Class adjudication will conserve judicial resources

3    and will avoid the possibility of inconsistent rulings.  Moreover, there are

4    class members who are unlikely to join or bring an action due to, among

5    other reasons, their reluctance to sue for financial reasons and/or their

6    inability to afford a separate action.  Finally, equity dictates that all

7    persons who stand to benefit from the relief sought herein should be

8    subject to the lawsuit and hence subject to an order spreading the costs of

9    litigation among the class members in relationship to the benefits

10   received.

11   55.   *Excluded from the Class*: Excluded from the Class are:

12   i. Any Judge, Commissioner or Magistrate presiding over this action and

13        members of their families;

14   ii. Defendant, Defendant's subsidiaries, parent companies, successors,

15        predecessors, and any entity in which Defendant or its parent

16        companies have a controlling interest and their current or former

17        officers and directors;

18   iii. Persons who properly execute and file a timely request for exclusion

19        from the Class and Sub-Class; and

20   iv. The legal representatives, successors or assigns of any such excluded

21        persons. Plaintiff anticipates that amending the Class definition may

22        become proper following discovery.

23   56.   *Policies Generally Applicable to the Class*: This class action is also

24   appropriate for certification because Nuance and Fry's have acted or

25   refused to act on grounds generally applicable to the Class, thereby

26   requiring the Court's imposition of uniform relief to ensure compatible

27   standards of conduct toward the members of the Class and Sub-Class, and

28   making final injunctive relief appropriate with respect to the Class as a

CLASS ACTION COMPLAINT                                                Page 18

1   whole. Nuance and Fry's policies challenged herein hinges on Nuance and

2   Fry's conduct with respect to the Class as a whole, not on facts or law

3   applicable only to Plaintiff. Nuance and Fry's have acted and failed to act

4   on grounds generally applicable to Plaintiff and the other members of the

5   Class and Sub-Class, requiring the Court's imposition of uniform relief to

6   ensure compatible standards of conduct toward members of the Class.

7   57.   Plaintiff reserves the right to revise the foregoing "Plaintiff Class and

8   Sub-Class Allegations" and 'Plaintiff Class and Sub-Class Definitions"

9   based on facts learned in discovery.

10              XI. **FIRST CAUSE OF ACTION**

11              **Injunctive Relief and Damages**

12        **Violation of Consumer Legal Remedies Act**

13           **California Civil Code §§1750 et seq.,**

14                  **(Against All Defendants)**

15  58.   Plaintiff realleges and incorporates herein as though set forth in full,

16        the allegations of paragraphs 1 through 57 above.

17  59.   Plaintiff and Plaintiff Class and Sub-Class bring this action seeking

18        injunctive relief pursuant to the Consumer Legal Remedies Act (CLRA),

19        California Civil Code §§1770 and 1780.  Section 1770 of the CLRA

20        specifically prohibits representations that a transaction confers or

21        involves rights, remedies, or obligations which it does not have or involve

22        or which are prohibited by law.

23  60.   The Defendants have violated §1770 of the Act by representing that

24        they have rights and remedies that are prohibited by law, specifically that

25        the Dragon performs as advertised which it did not and that Fry's has the

26        right to refuse refund based on open software because it claims it is

27        against the federal law to accept opened software when it is not against the

28        law.

---

**CLASS ACTION COMPLAINT**                                    Page 19

61.   Defendants' policies and Provisions do not fall within the reasonable expectations of Plaintiff or of the Plaintiff Class and Sub-Class, and is unduly oppressive. It is, therefore, unlawful, unfair, fraudulent and unconscionable.

62.   Pursuant to California Civil Code §§ 1770 and 1780, named Plaintiff is entitled to recover his actual damages sustained as a result of the Defendants' violations of the CLRA. Such damages include, without limitation, the money Plaintiff suffered due to failure to receive refund, three times the amount of the actual loss, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

63.   Pursuant to California Civil Code §§1770 and 1780, named Plaintiff, Plaintiff Class and Sub-Class are entitled to recover their reasonable attorneys' fees and costs.

## XII. SECOND CAUSE OF ACTION

### Violation of California's Unfair Competition Law

### Cal. Bus. & Prof. Code §17200, *et. seq.*

### (Against All Defendants)

64.   Plaintiff realleges and incorporates herein as though set forth in full, the allegations of paragraphs 1 through 63 above.

65.   California's Competition Law ("UCL"), Cal Bus. & Prof. Code 17200, *et. seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

66.   The UCL prohibits any unlawful, unfair, or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition.

67.   The utility of consumer product is a material term of any transaction because it directly affects a consumer's choice of, or conduct regarding

---

CLASS ACTION COMPLAINT                                        Page 20

1   whether to purchase a product or to return it. Any deception or fraud
2   related to the utility of a product is materially misleading.
3   **68.**   Likewise, the return policy of a consumer product is a material term of
4   any transaction because it directly affects a consumer's choice of, or
5   conducts regarding, whether to purchase a product. Any deception or
6   fraud related to the return policy is materially misleading.
7   **69.**   As described herein, Nuance engaged in fraudulent, unfair and
8   unlawful business practices as defined by the UCL, by, *inter alia:* (i)
9   misleading the utility of its Dragon software to consumers through
10   representations such as those described in Paragraph 1-4,; (ii)
11   misrepresenting the performance of the Speech Recognition Software; (iii)
12   encouraging consumers with false promises that you can type as fast as
13   you speak for the purpose of tricking consumers into buying and using the
14   Dragon software; (iv) breaching its express warranties in violation of
15   California Commercial Code 2313, and (v) selling Dragon software that
16   lacks the advertised abilities.
17   **70.**   As described herein, Defendant Fry's; Fry Brothers; Pleskov, and
18   Fahad engaged in fraudulent, unfair and unlawful business practices as
19   defined by the UCL, by, *inter alia:* (i) Fry's trained its employees to
20   represent to the consumers that it will give full refund within 30 days with
21   the original receipt; (ii) Fry Brother implemented and directed Pleskov
22   and Fahad to enforce policies and practices that violate California and
23   Federal Statutes; (iii) defendant Pleskov engaged in unlawful practice of
24   law by advising consumers that it is against the federal law to accept open
25   software for refund; (iv) defendant Fahad misrepresented to consumers
26   that they can return their merchandise with original receipt within 30 days
27   of purchase for full refund; (v) breaching its express warranties in
28   violation of California Commercial Code 2313, and (v) representing to

1   consumers that they can return their products for full refund within 30

2   days having knowledge that such policy will not enforced and will be

3   challenged by store managements.

4   **71.** The above affirmative representations made by Defendant Nuance, as

5   well as other misrepresentations provided by the software creators and

6   store staff were in fact false. The Dragon did not perform the secretary

7   position it advertised it would perform. It did not execute any faster way

8   to get more information on the PC; it did not keep up with user's brains; it

9   was not productive on-the-go; it was not performing comfortably,

10   anywhere and with less stress at home, or at work and did not work the way

11   users work; it was not user's personal secretary and with 99% accuracy, it

12   did not recognize every speech and improve productivity; It did not

13   ignites new levels of productivity by letting user to interact with PC by

14   voice; It did not dictate or modify documents, spreadsheets and

15   presentations, send email, search the Web; it did not capture notes on the

16   go using a digital recorder and it did not transcribe the audio files back to

17   PC; it did not recognize Speech by simply speaking to change how user

18   works, communicates, creates and lives; it did not turn user's talk into text

19   faster and more accurately than ever before; it did not speak user's mind to

20   capture ideas, create content, cruise through email, search the Web, or

21   control the PC.

22   **72.** The above affirmative policies made by Defendants Fry Bothers,

23   implemented by Fry's as well as other misrepresentations provided by its

24   employees, Pleskov and Fahad provided that consumers may return their

25   open software for full refund within 30 days; failed to properly trained its

26   employees and staff to enforce the dictate of the law; failed to inform the

27   consumers that open software will not be refunded, or afforded store

28   credit; failed to post their return policy in a conspicuous place at the

---

CLASS ACTION COMPLAINT               Page 22

1   entrance of the store and at every cash register; failed to train defendant

2   Pleskov that unauthorized practice of law is a violation of the law; failed

3   to train defendant Pleskov that policy written in the back of the receipt

4   does not constitute valid return policy in violation of the statute and

5   cannot be enforced.

6   73.   Nuance and Fry's have also violated the UCL's "unfair" prong by

7   causing substantial injury to consumers through the conduct alleged above.

8   The injuries caused by Nuance and Fry's unfair conduct are not

9   outweighed by any countervailing benefits to consumers or competition,

10   and could not reasonably have been known by consumers. Given the

11   information asymmetry between Nuance, Fry's and consumers regarding

12   the Dragon software and fry's refund policy, Plaintiff and the Plaintiff

13   Class and Sub-Class could not reasonably have known of the falsity of

14   Nuance and Fry's representations or avoided the harm those

15   misrepresentations caused.

16   74.   Further, Nuance, and Fry's violated the UCL's "unlawful" prong by

17   breaching their express warranties to Plaintiff and the Plaintiff Class and

18   Sub-Class, in violation of Cal. Com. Code §2313. Nuance and Fry's

19   fraudulent marketing practices also violate California's public policies

20   favoring enforcement of express and implied warranties.

21   75.   Nuance and Fry's fraud and unfair conduct occurred during the

22   marketing, sale and advertisement of Dragon software program, and

23   therefore occurred in the course of Nuance and Fry's business practices.

24   This conduct occurred out of and emanated from Defendants' offices and

25   headquarters in California.

26   76.   Plaintiff and the Plaintiff Class and Sub-Class have suffered harm in

27   the form of actual monetary damages as a direct and proximate result of

28   Nuance; Fry's; Fry Brothers; Pleskov; and Fahad fraudulent and unfair

CLASS ACTION COMPLAINT                                              Page 23

1   conducts.

2   77.   Pursuant to Cal. Bus. & Prof. Code §17203, Plaintiff seeks an order

3        enjoining Nuance; Fry's; Fry Brothers; Pleskov; and Fahad and other

4        employees of defendants Nuance and Fry's from continuing to engage in

5        the unfair, unlawful, and fraudulent conduct described herein. Plaintiff

6        seeks an order (1) requiring Nuance and Fry's to cease the unfair and

7        unlawful practices described herein; and (2) awarding reasonable costs

8        and attorneys' fees pursuant to Cal. Code of Civil Procedure. §1021.5.

### XIII. THIRD CAUSE OF ACTION

#### Fraudulent Inducement

#### (Against All Defendants)

12  78.   Plaintiff realleges and incorporates herein as though set forth in full,

13        the allegations of paragraphs 1 through 77 above.

14  79.   As described with particularity in Paragraph 1, through 23 and

15        throughout all Counts of this Complaint, Nuance and Fry's have used, and

16        continue to use, marketing tactics they know or reasonably should know

17        are false and misleading.

18  80.   To induce Plaintiff to purchase the Dragon software, Nuance

19        affirmatively represented to Plaintiff that the software possessed certain

20        abilities. Specifically, Nuance in house representative and Fry's sales

21        representative stated that the Dragon would honestly and accurately

22        execute faster way to get more information on the PC; it would keep up

23        with user's brains; it would be more productive on-the-go; it would

24        perform comfortably, anywhere and with less stress at home, or at work

25        and would work the way users work; it was user's personal secretary and

26        with 99% accuracy it would recognize every speech and improve

27        productivity; It would ignites new levels of productivity by letting user to

28        interact with PC by voice; It would dictate or modify documents,

CLASS ACTION COMPLAINT                                    Page 24

1   spreadsheets and presentations, send email, search the Web; it would

2   capture notes on the go using a digital recorder and it would transcribe the

3   audio files back to PC; it would recognize Speech by simply speaking to

4   change how user works, communicates, creates and lives; it would turn

5   user's talk into text faster and more accurately than ever before; it would

6   speak user's mind to capture ideas, create content, cruise through email,

7   search the Web, and control the PC.

81.   The utility of a consumer product is a material term of any transaction

because it directly affects a consumer's choice of, or conducts regarding,

whether to purchase a product. Any deception or fraud related to the

utility of a product is materially misleading.

82.   As the Dragon developer, Nuance knew that its representation about the

Dragon software were false. Nuance intentionally designed its public

representations to mislead consumers about the Dragon software, and

programmed the Dragon to falsely report that it would recognize every

speech with 99% accuracy and to deceive users about their speech and

accent.

83.   As one of the giant retailer in California, Fry's and Fry Brothers knew

making policies and implementing them that Fry's cannot accept opened

software was wrong and false. Additionally, Pleskov knew that his

representation that it is against the federal law to accept opened software

for refund was wrong and false. Further, Defendant Fahad knew that his

representation that returns the Software within 30 days of purchase with

original receipt was wrong and false. Fry's; Fry Brothers, Pleskov and

Fahad intentionally made these public representations to mislead

consumers about the refund policy.

84.   Nuance; Fry's; Fry Brothers, Fahad and Pleskov made their

misrepresentations specifically so as to induce Plaintiff, the Plaintiff

CLASS ACTION COMPLAINT                                    Page 25

1   Class and the Sub-Class' reliance. Plaintiff, the Plaintiff Class and
2   Sub-Class did in fact rely upon these misrepresentations and purchased
3   the Dragon Software and attempted to refund it within 30 days to their
4   detriment.

5   85.   As a consumer lacking the requisite technical expertise to
6   independently gauge the Dragon's underlying functionality, and taking
7   Nuance; Fry's; Fry Brothers, Fahad and Pleskov's statements as face value,
8   Plaintiff justifiably relied upon these misrepresentations that the Dragon
9   would perform the beneficial tasks advertised and if it did not it can be
10  returned for full refund within 30 days of purchase.

11  86.   By using false and fraudulent marketing tactics to misrepresent the
12  Dragon's actual utility, and the refund policy inducing Plaintiff, Plaintiff
13  Class and Sub-Class to purchase the Dragon Software based on those
14  misrepresentations, Nuance, Fry's; Fry Brothers, Fahad and Pleskov have
15  engaged in fraudulent practices designed to mislead and deceive
16  consumers.

17  87.   As a result of relying on Nuance, Fry's; Fry Brothers, Fahad and
18  Pleskov's misrepresentations, Plaintiff has been damaged in the amount of
19  the Dragon Purchase price and in addition to three times of the actual
20  amount.

21  88.   Plaintiff therefore prays for relief in the amount of the purchase price
22  of Dragon software. Plaintiff further alleges that Nuance, Fry's; Fry
23  Brothers and Pleskov's conduct and misrepresentations were made with
24  malice and in conscious disregard of Plaintiff's rights, thereby entitling
25  him to punitive damages against Nuance; Fry's; Fry Brothers and Pleskov
26  in an amount sufficient to deter such conduct in the future.

27
28

---

CLASS ACTION COMPLAINT                                          Page 26

# XIV. FOURTH CAUSE OF ACTION

## Breach of Express Warranties

## Cal. Comm. Code §2313

### (Against All Defendants)

89.   Plaintiff realleges and incorporates herein as though set forth in full, the allegations of paragraphs 1 through 88 above.

90.   Pursuant to Commercial Code §2313, Nuance and Fry's sale of the Dragon included express warranties created by Nuance and Fry's affirmation of facts and promises through its advertising websites, and in-house sales persons representations.

91.   Nuance; and Fry's express warranties included affirmation of fact and promises that the Dragon would truthfully recognize all speech including those with accent, act as personal secretary, speak into PC instead of typing and perform beneficial tasks such as those described in Paragraphs 1-23. In actuality, Nuance fraudulently designed its Dragon Software to recognize speech but failed to do so and Nuance falsely indentify and/or exaggerate the ability to recognize speech especially those with accent and that Dragon offered meaningless utility to recognize speech including speech with accent.

92.   Plaintiff, Plaintiff Class and Sub-Class relied upon Nuance, and Fry's affirmations and promises when purchasing the Dragon software, and the affirmations formed the basis for the bargain, in that Plaintiff, Plaintiff Class and Sub-Class believed they were purchasing Software that would honestly and accurately perform the services identified in Paragraph 1-23 hereinabove. But if not for Nuance and Fry's affirmations and promises, Plaintiff, Plaintiff Class and Sub-Class would not have purchased the Dragon software.

93.   Nuance and Fry's breached their express warranties because the Dragon

---

CLASS ACTION COMPLAINT                                          Page 27

1   did not perform and of the services it promised to perform. Rather, it

2   artificially and arbitrarily reported that in order to comprehend speech

3   users must read hours into the software.

4   94.   Nuance and Fry's breach injured Plaintiff, Plaintiff Class and

5   Sub-Class because they purchased a product of diminished value-software

6   that does not actually perform the beneficial tasks represented to them

7   through Nuance and Fry's affirmations and promises about the utility of

8   the Dragon.

9   95.   By serving this Complaint, Plaintiff, Plaintiff Class and Sub-Class

10   hereby give Defendants and each of them Notice that they have breached

11   their express warranties and request maximum damages as provided for

12   under California Commercial Code.

13                   XV.**FIFTH CAUSE OF ACTION**

14                        **Breach of Contract**

15           **(Against All Defendants, Except Pleskov)**

16   96.   Plaintiff realleges and incorporates herein as though set forth in full,

17   the allegations of paragraphs 1 through 95 above.

18   97.   Plaintiff, Plaintiff Class and Sub-Class entered into agreement with

19   Nuance, Fry's, Fry Brother and Fahad whereby Nuance, Fry's, Fry

20   Brothers and Fahad agreed to sell, and Plaintiff, Plaintiff Class and

21   Sub-Class agreed to purchase, Dragon Software that would recognize

22   speech including speech with accent, and perform the beneficial tasks

23   described in Paragraph 1-23. And in the event Dragon did not perform the

24   services as described in Paragraph 1-23, Fry's, Fry Brothers and Fahad

25   represent that Plaintiff, Plaintiff Class and Sub-Class can bring the

26   Dragon software back for full refund with the original receipt within 30

27   days from the date of the purchase.

28   98.   Nuance voluntarily assumed a contractual obligation to honestly to

CLASS ACTION COMPLAINT                                    Page 28

Exhibit A; Page 29

1   recognize the speech spoken into the PC including speech with accent; and

2   Fry's, Fry Brothers and Fahad assumed a contractual obligation by selling

3   the Dragon software that in the event of non-performance, it can be

4   returned for full refund within 30 days of purchase. These obligations are

5   material terms of the agreement. Nuance, Fry's, Fry Brothers and Fahad

6   did not honor their obligations.

7   99.   Nuance, Fry's, Fry Brothers and Fahad also assumed obligations to

8   provide Plaintiff, Plaintiff Class and Sub-Class a product that would

9   perform the services enumerated in paragraphs 1-23; and to issue full

10   refund in the event of non-performance. Nuance, Fry's, Fry Brothers and

11   Fahad did not honor these obligations.

12   100.  Plaintiff, Plaintiff Class and Sub-Class paid, and Nuance, Fry's, Fry

13   Brothers and Fahad accepted the Dragon purchased price including sales

14   tax, and therefore Plaintiff, Plaintiff Class and Sub-Class performed their

15   obligations under the contract.

16   101.  Nuance, Fry's, Fry Brothers and Fahad breached their contracts with

17   Plaintiff, Plaintiff Class and Sub-Class by failing to honestly and

18   accurately inform them about the services Dragon was to perform and the

19   return policy that was offered to them, and failed to offer the benefits

20   promised.

21   102.  The aforementioned breaches of contract have directly and proximately

22   caused Plaintiff, Plaintiff Class and Sub-Class economic injury and other

23   damages, because they purchased a product that does not perform as

24   Nuance represented, and they were not able to return it for full refund

25   within 30 days with original receipt as Fry's, Fry Brothers and Fahad

26   represented, and therefore lack the promised and paid-for Dragon

27   software.

28

CLASS ACTION COMPLAINT                                    Page 29

# XVI. SIXTH CAUSE OF ACTION

## Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against All Defendants except Pleskov)

103. Plaintiff realleges and incorporates herein as though set forth in full, the allegations of paragraphs 1 through 102 above.

104. In order to benefit from Nuance's Dragon software supposed speech recognition software, Plaintiff, Plaintiff Class and Sub-Class affirmatively allowed Nuance to install the Dragon Software on their PCs.

105. Nuance agreement to install software, to register personal information and to set up the Dragon to detect speech including speech with accent in the manner described in paragraphs 1-23 in exchange for fees is a valid and enforceable contract between Plaintiff, Plaintiff Class and Sub-Class on the one hand, and Nuance on the other.

106. Fry's, Fry Brothers, and Fahad agreement to sell the Dragon software for fees and in the event of non-performance as described and advertised can return it for full refund within 30 days with the original receipt; is a valid and enforceable contract between Plaintiff, Plaintiff Class and Sub-Class on the one hand, and Fry's, Fry Brothers and Fahad on the other.

107. Nuance breached the provisions of the agreement, specifically by not honoring its responsibilities to perform truthful speech recognition including speech with accent.

108. Fry's, Fry Brother and Fahad breached the provision of the agreement, specifically by not honoring their responsibilities to perform truthful full refund within 30 days from the date of purchase with original receipt.

109. California law recognizes the implied covenant of good faith and fair dealing in every contract.

110. Implicit in the contract were provisions prohibiting Nuance, Fry's, Fry Bothers, and Fahad from engaging in conduct that frustrated or injured

1   Plaintiff's, Plaintiff Class' and Sub-Class's rights to receive the benefits of

2   the contract.

3   **111.** Plaintiff, Plaintiff Class and Sub-Class sought to receive the

4   bargaining-for benefit of obtaining a software that performed truthful

5   speech recognition including speech with accent as advertise by

6   Defendant Nuance; and to receive the benefit of a full refund in the event

7   of non-performad as advertised by Fry's, and Fry Brothers and by

8   Defendant Fahad at the time of sell.

9   **112.** Rather than provide the bargained-for benefit to Plaintiff, Plaintiff

10   Class and Sub-Class, Defendant Nuance produced Dragon Software that

11   falsely represented speech recognition including speech with accent and

12   failed to perform its advertised functions. Defendant Nuance's conduct by

13   creating the illusion that the benefits were supplied when in fact, they

14   were not, and leading Plaintiff, Plaintiff Class, and Sub-Class to believe

15   that their contracts had been fulfilled.

16   **113.** Rather than provide the bargained-for benefit to Plaintiff, Plaintiff

17   Class and Sub-Class, Defendants Fry's, Fry Brothers and Fahad created

18   and implemented policy that falsely represented full refund within 30 days

19   of purchase policy and failed to perform its advertised functions.

20   Defendants Fry's, Fry Brothers, and Fahad's conduct by creating the

21   illusion that the benefits were supplied when in fact, they were not, and

22   leading Plaintiff, Plaintiff Class, and Sub-Class to believe that their

23   contracts had been fulfilled.

24   **114.** Nuance, Fry's, Fry Brothers and Fahad's misconduct and breach of the

25   implied covenant of good faith and fair dealing as described herein

26   resulted in injury to Plaintiff, Plaintiff Class and Sub-Class in the form of

27   price paid at the time of purchase in exchange for fully functional

28   software, and full refund policy, that was knowing and wrongfully

---

CLASS ACTION COMPLAINT                                    Page 31

1  retained by Nuance, Fry's, Fry Brothers and Fahad.

2  ## XVII. SEVENTH CAUSE OF ACTION

3  ### Violation of California Civil Code §1723

4  **(Against All Defendants)**

5  115. Plaintiff realleges and incorporates herein as though set forth in full,

6  the allegations of paragraphs 1 through 114 above.

7  116. California Civil Code §1723(a) provides in part as follows:

9  Every retail seller which sells goods to the public in this
10 state that has a policy as to any of those goods of not
   giving full cash or credit refunds, or of not allowing
11 equal exchanges, or any combination thereof, for at
   least seven days following purchase of the goods if they
12 are returned and proof of their purchase is presented,
13 shall conspicuously display that policy either on signs
   posted at each cash register and sales counter, at each
14 public entrance, on tags attached to each item sold
15 under that policy, or on the retail seller's order forms, if
   any. This display shall state the store's policy,
16 including, but not limited to, whether cash refund, store
17 credit, or exchanges will be given for the full amount of
   the purchase price; the applicable time period; the types
18 of merchandise which are covered by the policy; and
19 any other conditions which govern the refund, credit, or
   exchange of merchandise.

117. On August 11, 2012, Plaintiff entered into Defendant Fry's retail

21 establishment in Burbank, California and did not observe any return

22 policy display conspicuously at the public entrance; Plaintiff did not

23 observe any tags attached to Dragon at the time he purchased the

24 Software, and he did not notice any sign posted at each cash register

25 especially the cash register that was being operated by Defendant Fahad.

26 In fact Defendant Fahad assured Plaintiff that if Plaintiff was not satisfied

27 with his purchase he could return it for full refund 30 days from the date

28 of purchase.

---

**CLASS ACTION COMPLAINT**                                    **Page 32**

118. In the event Defendant Fry's violates Cal. Civ. Code §1723 (a)(1), in accordance with section 1723 (c)(1), retailers would be liable to the buyers for the amount of the purchase if the buyers return, or attempt to return, the purchased goods on or before the 30th day after their purchases.

119. Plaintiff purchased Dragon software from Fry's and sought to return it, with proof of original purchase, in good condition, within 30 days of the original purchase.

120. Defendant Fry's failed and refused to provide Plaintiff, Plaintiff Class and Sub-Class with cash refunds, store credits or equal exchanges for the full purchase prices of the goods they purchased and returned within 30 days of their original purchases.

121. As a result of Defendant Fry's violation of Section 1723(a), Plaintiff, Plaintiff Class and the Sub-Class are entitled to damages in the full amount of the purchase prices of the goods that they purchased and attempted to return.

122. Pursuant to Cal. Civ. Code §1723(c)(2), Plaintiff, Plaintiff Class and Sub-Class are also entitled to remedies specified in the Consumer Legal Remedies Act (Cal. Civ. Code §1750, *et. seq.*)(the "CLRA"). As such Plaintiff, Plaintiff Class and Sub-Class request that this court enjoin Defendant from continuing to engage in the unlawful and deceptive methods, acts and practices alleged above. Unless Defendant Fry's are permanently enjoined from continuing to engage in violation of Cal Civ. Code §1723, future consumers will be damaged by the acts and practices in the same way as have Plaintiff, Plaintiff Class and Sub-Class.

123. Pursuant to Cal. Civ. Code §§1723(c)(2) and 1780, Plaintiff also requests damages, attorneys' fees, and other relief, as permitted by law.

---

CLASS ACTION COMPLAINT                                    Page 33

## XVIII. EIGHTH CAUSE OF ACTION

### Violation of the FAL

### Business & Professional Code §17500

### (Against All Defendants)

124. Plaintiff realleges and incorporates herein as though set forth in full, the allegations of paragraphs 1 through 123 above.

125. The False Advertising Law, (the "FAL") prohibits all "unfair, deceptive, untrue and misleading advertising." Section 17500 provides that it is unlawful for any persons, firm, corporation, association, or any employee thereof to intentionally, directly or indirectly, perform services, professional or otherwise, or to induce the public to enter into any obligation relating thereto, to make or disseminate in any manner any statement which is untrue or misleading, or which, by the exercise of reasonable care, should be known to be untrue or misleading.

126. Defendants Nuance, Fry's, Fry Brothers, Pleskov and Fahad as described in this Complaint violate the FAL in that their representations about the Dragon Software and Refund Policy were deceptive, untrue and misleading. Further, consumers in California have an expectation that they may return products for full cash refunds or credits, or equal exchanges, subject to the limitation set forth in Civ. Code §1723, within 7 days from the date of purchase if return policy is posted conspicuously at the entrance of the store or by cash registers (Cal. Civ. Code §1723(a)); or within 30 days from the date of purchase if return policy is not posted conspicuously at the entrance of the store or by each cash registers (Cal. Civ. Code §1723(c)(1)). Defendants Nuance; Fry's; Fry Brothers; Pleskov and Fahad's failure to comply with Cal. Civ. Code §§1723(a), and (c)(1)was a violation of FAL for failure to accept returned items and give full refunds, credits or exchanges was deceptive and misleading.

127. Plaintiff, Plaintiff Class and Sub-Class have been injured by Defendants' violations of the FAL because they were misled into making purchases from Defendants and did not receive the full value of items that were returned.

128. Plaintiff, on behalf of himself and the Class and Sub-Class seeks restitution of all monies wrongfully withheld from them, attorneys' fees and costs, and a permanent injunction enjoining Defendants from continuing with their misleading advertising campaigns.

## XIX. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays as follows:

1. That this Court certifies this case as a class action and appoints Plaintiff as class representatives;

2. That this Court finds and declares the Defendants' acts and practices as described herein to be unlawful, unfair and fraudulent;

3. That Defendants be permanently enjoined from engaging in the unlawful, unfair and fraudulent acts and practices alleged herein;

4. That Defendants be ordered to disgorge all unjust enrichment obtained from the unlawful, unfair and fraudulent acts and practices alleged herein;

5. That Plaintiff, Plaintiff Class, and Sub-Class be awarded compensatory damages according to proof at trial;

6. That Plaintiff, Plaintiff Class, and Sub-Class be awarded punitive damages according to proof at trial;

7. That Defendants be ordered to make restitution to all affected members of the general public;

8. For general, special and consequential damages according to proof;

9. For pre-judgment interest according to proof;

10. For any and all other relief under Business and Professional Code

---

CLASS ACTION COMPLAINT                                        Page 35

1    §§17200 and 17500, *et. seq.*, including but not limited to disgorgement

2    of money received and profits through Defendants' unfair business

3    practices;

4    11. For any and all relief available under the CLRA;

5    12. That Plaintiffs be awarded attorneys' fees and expenses pursuant to

6    California Civil Code §1780-1781, California Code of Civil Procedure

7    §§§§§§1021.5, 1750, 17200-17500, 1723, and 2313.

8    13. For costs of suit herein incurred; and

9    14. For such other and further relief as the court may deem proper.

10                    **XX. DEMAND FOR JURY TRIAL**

11    Plaintiff hereby demands a trial by jury as to all causes of action so

12    triable.

13   Respectfully submitted,

14   **DATED: August 30, 2012**          **LAW OFFICE OF MOTAZ M. GERGES**

15

16

17   _____

18   **Motaz M. Gerges, Esq. Attorneys for
     Plaintiff and Class Members**

19

20

21

22

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT                                    Page 36

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Motaz M. Gerges, Esq. (SBN 202175)
LAW OFFICES OF MOTAZ M. GERGES
15315 Magnolia Blvd., Suite 429
Sherman Oaks CA 91403
TELEPHONE NO.: 818-386-0000        FAX NO.: 818-380-0100
ATTORNEY FOR *(Name):* Michael Nathan and Class Members

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Central District

**FILED**
Los Angeles Superior Court

**AUG 31 2012**

John A. Clarke Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**CASE NAME:**
Michael Nathan et. al. v. Fry's Electronics, Inc., et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **BC 491300** |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

**2.** This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
**4.** Number of causes of action *(specify):* 8; Cal. Civ. Codes 1750; 1723; B & P Code 17200; 17500; Com. Code 2313
**5.** This case ☑ is ☐ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 08/29/2012
Motaz M. Gerges, Esq.
_____        _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
 *case involves an uninsured*
 *motorist claim subject to*
 *arbitration, check this item*
 *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or*
 *toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil*
 *harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer*
   *or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally*
 *complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent*
  *domain, landlord/tenant, or*
  *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
 *drugs, check this item; otherwise,*
 *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex*
 *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-*
  *domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
 *above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-*
  *harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified*
 *above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Michael Nathan et. al. vs. Fry's Electronics, Inc. | CASE NUMBER BC491300 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 ___ ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

Exhibit A; Page 40

| SHORT TITLE: Michael Nathan et. al. vs. Fry's Electronics, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Exhibit A; Page 41

| SHORT TITLE: Michael Nathan et. al. vs. Fry's Electronics, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Exhibit A; Page 42

| SHORT TITLE: Michael Nathan et. al. vs. Fry's Electronics, Inc. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☐3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>2311 N. Hollywood Way |
|---|---|
| CITY:<br>Burbank | STATE:<br>CA | ZIP CODE:<br>91505 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___District___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __08/30/2012__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Exhibit A; Page 43

# SUMMONS
## (CITATION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Fry's Electronics, Inc.; Nuance Communications, Inc.; Vladimir Pleskov;
Syed N. Fahad; John Fry; Dave Fry; Randy Fry; and John Doe 1; John Doe 2;
and DOES 1 TO 100, Inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANO EL DEMANDANTE):**

Michael Nathan; individually and on behalf of all others similarly Situated,

| FOR COURT USE ONLY |
|---|
| (SOLO PARA USO DE LA CORTE) |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, Los Angeles County, Central District
111 N. Hill St.
Los Angeles CA 90012

| CASE NUMBER: |
|---|
| (Número del Caso): |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Motaz M. Gerges, Esq. (SBN 202175)    818-386-0000
15315 Magnolia Blvd., Suite 429, Sherman Oaks, CA 91403

DATE:                                              Clerk, by _____, Deputy
(Fecha)                                            (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).

(SEAL)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (default corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc. www.USCourtForms.com

Exhibit A; Page 44

# EXHIBIT B

1   DAVID F. MCDOWELL (CA SBN 125806)
     DMcDowell@mofo.com
2   GIANCARLO UREY (CA SBN 267069)
     GUrey@mofo.com
3   MORRISON & FOERSTER LLP
     555 West Fifth Street, Suite 3500
4   Los Angeles, California  90013
     Telephone: 213.892.5200
5   Facsimile: 213.892.5454

6   Attorneys for Defendant
     NUANCE COMMUNICATIONS, INC.
7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF LOS ANGELES

10

| | |
|---|---|
| 11  MICHAEL NATHAN; individually and on behalf of others similarly situated, | Case No.   BC491300 |
| 12 | |
| 13           Plaintiff, | **NOTICE OF DEFENDANT NUANCE COMMUNICATIONS, INC.'S FILING OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT (28 U.S.C. § 1446(d))** |
| 14      v. | |
| 15  FRY'S ELECTRONICS, INC.; NUANCE COMMUNICATIONS, INC.; VLADIMIR PLESKOV; SYED N. FAHAD; JOHN FRY; | |
| 16  DAVE FRY; RANDY FRY; and JOHN DOE 1; JOHN DOE 2; and DOES 1 TO 100, Inclusive, | Complaint Filed:  August 31, 2012 |
| 17 | |
| 18         Defendants. | |

19

20

21

22

23

24

25

26

27

28

1   TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES:

2        In accordance with 28 U.S.C. section 1446(d), notice is hereby given that Defendant

3   Nuance Communications, Inc. has filed a Notice of Removal with the United States District Court

4   for the Central District of California for the purpose of removing the above-captioned action from

5   this Court.  Section 1446(d) provides that this Court need take no further action with respect to

6   this case "unless and until the case is remanded."

7        Attached hereto as Exhibit A is a true and correct copy of the Notice of Removal and

8   supporting documents, which were filed this date with the Clerk in the United States District

9   Court for the Central District of California.

10

11   Dated:     October 10, 2012     DAVID F. MCDOWELL
12        GIANCARLO UREY
     MORRISON & FOERSTER LLP

13

14   By: _____
15        David F. McDowell

16        Attorneys for Defendant
     NUANCE COMMUNICATIONS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEFENDANT BED BATH & BEYOND INC.'S FILING OF NOTICE OF REMOVAL

la-1186716

# CERTIFICATE OF SERVICE BY MAIL
### (Fed. R. Civ. Proc. rule 5(b))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 555 West Fifth Street, Los Angeles, California 90013-1024; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**DECLARATION OF DAVID F. MCDOWELL IN SUPPORT OF DEFENDANT NUANCE COMMUNICATIONS, INC.'S NOTICE OF REMOVAL**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 555 West Fifth Street, Los Angeles, California 90013-1024, in accordance with Morrison & Foerster's ordinary business practices:

Motaz M. Gerges, Esq.
Andrew L. Levin
Law Office of Motaz M. Gerges
15315 Magnolia Boulevard
Suite 429
Sherman Oaks, CA 91403

Alexis J. Curotto, Esq.
Fry's Electronics
600 E. Brokaw Road
San Jose, CA 95112

I declare under penalty of perjury that the above is true and correct.

Executed at Los Angeles, California, this 10th day of October, 2012.

_____          _____
Rosa L. Beltran                         (signature)
(typed)

Certificate of Service
la-1187670