UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

## CIVIL MINUTES - GENERAL

| Case No. | CV12-8677-PSG(RZx) | Date | April 4, 2013 |
|---|---|---|---|
| Title | MICHAEL NATHAN V. FRY'S ELECTRONICS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

|  Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(In Chambers:) PLAINTIFF'S MOTION TO DISQUALIFY THE HON. PHILLIP S. GUTIERREZ** (filed March 26, 2012)

## I.      INTRODUCTION & BACKGROUND

On March 26, 2012, plaintiff Michael Nathan filed the instant motion to disqualify the Honorable Phillip S. Gutierrez, United States District Judge, and all other judges of the United States District Court, Central District of California.  Dkt. No. 48.  The motion was randomly assigned to this Court for ruling pursuant to General Order 08-05 and Local Rule 72-5.

Plaintiff argues that the following course of events demonstrates that Judge Gutierrez must be disqualified.  After filing his original complaint on August 31, 2012 in the Los Angeles County Superior Court, defendants subsequently removed the action to this Court on October 10, 2012.  Thereafter, plaintiff filed a motion to remand on November 15, 2012, set for hearing on December 10, 2012.  The Clerk of Court issued a deficiency notice the following day, informing plaintiff that the "[h]earing information is missing, incorrect, or not timely."  Dkt. No. 13.  On November 19, 2012, Judge Gutierrez ordered plaintiff's motion stricken for failure to comply with the "Court's Local Rules, General Orders, and/or Case Management Order," as plaintiff's motion was noticed for a closed hearing date and no hard copy of the motion papers had been delivered to Courtroom 880.  See Dkt. No. 14.  Plaintiff did not notice or file a renewed motion to remand thereafter or attempt to correct the hearing date.  According to plaintiff, Judge Gutierrez's actions were biased towards defendants, because Judge Gutierrez subsequently reset a hearing for one of defendant's motions to dismiss, rather than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-8677-PSG(RZx) | Date | April 4, 2013 |
|---|---|---|---|
| Title | MICHAEL NATHAN V. FRY'S ELECTRONICS, INC., ET AL. | | |

striking the motion as had been done with plaintiff's motion.[1]  Plaintiff contends that further bias is demonstrated by Judge Gutierrez's refusal to enter default against defendant, where defendants all filed motions to dismiss on the same date that plaintiff requested the clerk to enter default against each of them.  See Dkt. No. 29.

## II.    DISCUSSION

Plaintiff brings his motion for disqualification under both 28 U.S.C. §§ 144 and 455.  Section 144 provides for disqualification whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists."  Id.  And under § 455, judges must disqualify themselves "in any proceeding in which their impartiality might reasonably be questioned."  Id. § 455(a).

The substantive standard for disqualification is the same under both sections: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quotation omitted).  Moreover, the alleged bias cannot result from mere disagreement, however vehement, with a judge's rulings; instead, "the alleged bias must stem from an 'extrajudicial source.'"  Id. (quoting Liteky v. United States, 510 U.S. 540, 548 (1994)).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Liteky, 510 U.S. at 555.

First, the Court construes plaintiff's motion to disqualify as a motion to disqualify only Judge Gutierrez.  All of plaintiff's contentions are directed at the purported biases of Judge Gutierrez rather than any other District Judge of the Central District of California, and plaintiff offers no factual assertions, plausible or otherwise, as to why all

---

[1] As is readily apparent from the docket entry, the day after filing a motion to dismiss, defendant Nuance Communications, Inc., filed a "Notice of Errata" correcting the hearing date of their motion, which Judge Gutierrez adopted.  See Dkt. No. 23.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV12-8677-PSG(RZx) | Date | April 4, 2013 |
|----------|---------------------|------|---------------|
| Title | MICHAEL NATHAN V. FRY'S ELECTRONICS, INC., ET AL. | | |

the district judges in the Central District of California should be disqualified. Plaintiff's motion seeking to disqualify all of the judges in this district is thus improper.

Second, plaintiff offers no facts that would lead a reasonable person to conclude that Judge Gutierrez's impartiality might reasonably be questioned. Plaintiff's contentions center around various procedural rulings that occurred in the course of litigating his case with which plaintiff disagrees. Disagreement with these rulings, of course, does not identify an "extrajudicial source" of bias at all, but is precisely the type of objection that does not support a motion to disqualify a district judge. Moreover, plaintiff identifies no facts that establish that Judge Gutierrez has "deep-seated antagonism" towards plaintiff, as plaintiff's allegations to this effect are merely conclusory and entirely unsubstantiated.[2] This showing is insufficient to support a motion to disqualify.

Although plaintiff purports to name Judge Gutierrez as a defendant in his First Amended Complaint, the Court need not consider this new development on this motion. The inquiry before the Court is limited to whether Judge Gutierrez's impartiality might reasonably be questioned based upon the course of the litigation to the present and plaintiff's contentions with respect to certain rulings that have not been in his favor. Plaintiff has made no showing at all of bias or a lack of impartiality, let alone a showing that would warrant disqualifying Judge Gutierrez based on his prior rulings.

In accordance with the foregoing, plaintiff's motion to disqualify is hereby DENIED.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] Indeed, plaintiff fails to submit any affidavit attesting to any of the contentions set forth in his motion. The failure to offer any evidence supporting plaintiff's request for disqualification is further grounds for denying plaintiff's motion.